UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH COTTER, ADMINISTRATOR of the PAINTERS AND ALLIED TRADES DISTRICT COUNCIL No. 35 TRUST FUNDS,<br><br>    Plaintiff,<br><br>v.<br><br>BOSTON BUILDERS, INC.,<br><br>    Defendant. | C.A. No.: |

## COMPLAINT

### NATURE OF ACTION

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. and under § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, brought on behalf of the Painters and Allied Trades District Council No. 35 Trust Funds (collectively, "Plaintiff Funds" or "Funds") for damages arising from unpaid and delinquent benefit contributions.

### JURISDICTION

2. This court has jurisdiction pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301 of the LMRA, and venue lies in this district pursuant to 29 U.S.C. § 1132(e)(2).

### PARTIES

3. Plaintiff, Deborah Cotter, is the Administrator of the Plaintiff Funds and is a "fiduciary" within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

4. The Funds are multiemployer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A) and "employee benefit plans" within the meaning of ERISA § 3 (1), 29 U.S.C., § 1002(1). The Funds are administered from 25 Colgate Road, Roslindale, Massachusetts,

02131.

5.      Defendant Boston Builders, Inc. ("Boston Builders"), is a Massachusetts corporation with a principal place of business at 8 Magnolia Drive, Rockland, Massachusetts, 02370.

6.      Defendant Boston Builders is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152(2), (6) and (7) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

7.      Painters and Allied Trades District Council No. 35 ("District Council 35" or "the Union") is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

**FACTS**

8.      At all relevant times to this action, Defendant Boston Builders was obligated by the terms of the collective bargaining agreement ("CBA") between the Union and the Painters and Finishing Employees Association of New England, Inc. and Glass Employers of New England, Inc., and by the terms of the Funds' Trust Agreements to make contributions to the Plaintiff Funds for certain employees covered by the CBA.  A true and accurate copy of the relevant pages of the CBA and Trust Agreements are attached hereto as Exhibits A, B, C and D.

9.      The CBA is a contract within the meaning of § 301 of the LMRA and within the meaning of 29 U.S.C. § 185(a).

10.     The CBA requires signatory employers such as Defendant Boston Builders to make timely contributions to the Plaintiff Funds for each hour worked by employees.

11.     Pursuant to Article IX of the CBA, contributions are deemed delinquent if they are not received by the twenty-sixth (26th) day of the month following the month in which the work

was performed, or for employees that file on a weekly basis, by the Wednesday of the week in which the work was performed. The Agreement also provides that interest shall be charged at the rate of 1.5% per month on unpaid contributions.

12. Defendant Boston Builders has failed to make required contributions to the Plaintiff Funds for the month of June 2025 in violation of § 515 of ERISA, 29. U.S.C. § 1145.

13. The failure of Boston Builders to make payment of all contributions and interest owed on behalf of the covered employees violates § 515 of ERISA, 29 U.S.C. § 1145, the LMRA, the CBA and the Trust Agreements.

14. The CBA and the Funds' Trust Agreements provide that an employer delinquent in the payment of its contributions to the Funds must also pay interest, liquidated damages, attorney's fees and costs associated with collection of such contributions.

## **COUNT I – FAILURE TO PAY CONTRIBUTIONS**

15. Plaintiff Funds repeat and incorporate by reference herein paragraphs one (1) through fourteen (14) above.

16. Defendant Boston Builders has failed to remit any contributions that came due on or after June 2025 through present.

17. Defendant Boston Builders is habitually late in its payment of contributions to the Plaintiff Funds.

18. The failure of Defendant Boston Builders to make payments on monthly contributions for all hours worked by covered employees is a violation of ERISA § 515, the CBA and Trust Agreements.

**WHEREFORE**, Plaintiff demands that judgment enter against Defendant Boston Builders, Inc., in accordance with § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) and the CBA and

Trust Agreements:

1. Awarding the Plaintiff Funds the following amounts:

    a. the unpaid contributions;

    b. interest on the above outstanding contributions;

    c. liquidated damages pursuant to the Collective Bargaining Agreement;

    d. all costs and reasonable attorney's fees incurred by the Plaintiff Funds in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated: July 18, 2025

Respectfully Submitted,

Deborah Cotter, Administrator of
the Painters and Allied Trades
District Council No. 35 Trust Funds,

By her attorney,

/s/ Melissa A. Brennan
Melissa A. Brennan, Esq.
BBO # 669489
mab@fdb-law.com
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976
Fax: (617) 338-7070

**CERTIFICATE OF SERVICE**

I, Melissa A. Brennan, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, on this date, to the United States Secretary of Labor and the Department of Treasury.

Dated: July 18, 2025

/s/ Melissa A. Brennan
Melissa A. Brennan, Esq.