United States District Court
District of Massachusetts

```
_____
                                  )
Deborah Cotter,                   )
                                  )
        Plaintiff,                )
                                  )
        v.                        )        Civil Action No.
                                  )        25-12037-NMG
Boston Builders, Inc.,            )
                                  )
        Defendant.                )
                                  )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This action is brought by plaintiff Deborah Cotter ("plaintiff") against defendant Boston Builders, Inc. ("defendant") to recover alleged delinquent payments. Pending before the Court is a motion of plaintiff for default judgment. For the reasons that follow, plaintiff's motion will be allowed.

I. **Facts**

Plaintiff initiated this action in July 2025 on behalf of herself and a union she represents. According to the complaint, plaintiff is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds (collectively, "Plaintiff Funds"), which are designated for employees under a collective bargaining agreement ("the CBA") and three Trust Agreements between union laborers and their employers.

1

Defendant is a Massachusetts corporation and is obligated, under the CBA and Trust Agreements, to make contributions to the Plaintiff Funds for certain employees.  It did not make timely contributions to the Plaintiff Funds in June or July 2025, but belatedly made contributions two months after each one was due.

Although defendant was served in July 2025, it did not answer or otherwise respond to plaintiff's complaint. As such, this Court entered a notice of default on October 9, 2025, which was mailed to defendant on the same day.  Now, plaintiff moves for entry of default judgment against defendant and seeks monetary damages.

## II.  **Legal Standard**

Under Fed. R. Civ. P. 55, a district court may enter a default judgment where a defendant has failed to plead or otherwise defend itself.  A final entry of default judgment requires a two-step process.  First, the Clerk enters a notice of default. Id. 55(a), after which the Court may enter default judgment upon application of the plaintiff. Id. 55(b).

Once a notice of default judgment is entered under Rule 55(a), the Court presumes that all well-pled factual allegations in the complaint are true. See Sec. & Exch. Comm'n v. Tropikgadget FZE, 146 F.Supp.3d 270, 275 (D. Mass. 2015). Nevertheless, a default judgment will not be entered unless 1) the Court has both personal and subject matter jurisdiction, 2)

the allegations in the complaint state a cognizable claim of liability against defendant and 3) those allegations merit an award of damages. Groden v. Epstein, No. 24-CV-10303-ADB, 2024 WL 4519724, at *1 (D. Mass. Oct. 17, 2024); Mantouvalos v. Mantouvalos, 319 F.R.D. 420, 421 (D. Mass. 2017).

### III. Analysis

#### a. Jurisdiction

Before granting default judgment, the Court has "an affirmative duty" to ensure that it has jurisdiction "over both the subject matter and the parties." Groden, 2024 WL 4519724, at *2; see also Hugel v. McNell, 886 F.2d 1, 3 n.3 (1st Cir. 1989).

This Court has personal jurisdiction over defendant because it is incorporated and has a principal place of business in Massachusetts. Daimler AG v. Bauman, 571 U.S. 117, 118 (2014) ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."). Further, despite its failure to respond, defendant received both service of process and notice of default.

This Court likewise has subject matter jurisdiction over plaintiff's Employee Retirement Income Security Act ("ERISA") claim because it presents a question of federal law over which district courts have original jurisdiction and plaintiff alleges that she is a "fiduciary" under the statute. See 28 U.S.C. §1331; 29 U.S.C. §1132(e)(1) ("[T]he district courts of the

3

United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant, beneficiary, [or] fiduciary . . . .").

### b. **Liability**

The Court must also assess plaintiff's complaint and determine whether it states a cause of action and establishes defendant's liability. Groden, 2024 WL 4519724, at *2.  In so doing, the Court must accept as true all well-pled factual allegations. See Franco v. Selective Ins., 184 F.3d 4, 9 n.3 (1st Cir. 1999).

Plaintiff here alleges a single claim for relief: defendant violated 29 U.S.C. §1132(g)(2), the CBA and the Trust Agreements by being habitually late in its payment to the Plaintiff Funds, particularly for June and July 2025.  To present a viable delinquent contributions claim, a plaintiff must establish that the defendant (1) is obligated to make contributions under a collective bargaining agreement and (2) has failed to make such contributions in accordance with the terms and conditions of the agreement. 29 U.S.C. §1145; see Rubenstein v. Tri-State Transp., 646 F. Supp. 1, 2 (D. Mass. 1984) (granting summary judgment against defendant who signed the CBA and did not make agreed upon contributions).

Here, plaintiff alleges that (1) defendant is an employer under the CBA and Trusts Agreements and is therefore required to

4

make contributions to the Plaintiffs Funds and (2) defendant repeatedly violated the terms of the CBA by making contributions after the agreed upon date each month. Plaintiff's complaint thus offers sufficient allegations to establish a cognizable claim for relief. Rubenstein, 646 F. Supp. at 2; Franco, 184 F.3d at 9 n.3.

### c. Damages

Once the Court finds a cognizable claim, it must ascertain what damages are warranted. Groden, 2024 WL 4519724, at *3. In calculating damages, the Court may conduct a hearing but is not required to, especially where the facts alleged adequately establish the amount warranted by the default judgment. In re The Home Rests., Inc., 285 F.3d 111, 114-15 (1st Cir. 2002); see also HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988) ("[I]f arriving at the judgment amount involves nothing more than arithmetic, i.e. the making of computations which may be figured from the record, a default judgment can be entered without a hearing of any kind."). A court may request additional affidavits from the moving party to determine damages as a matter of fact. In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002).

Plaintiff requests damages in the form of (1) liquidated damages pursuant to the CBA of $6,152 (2) attorney's fees and

costs of $2,094 and (3) interest for the delinquent contributions of $1,504, for a total of $9,750.

Plaintiff has provided an affidavit certifying that the total amount of delinquent contributions for June and July 2025 was $30,760, which is sufficient to establish that amount as fact. In re The Home Restaurants, Inc., 285 F.3d at 114. Plaintiff requests 20% of that principal amount, the maximum allowed under the CBA.  That request will be approved.

Plaintiff's attorney has provided an affidavit that, based upon her firm's reasonable billing rate, her fees and additional costs in the case come to a total of $2,094.  That amount will also be approved.

While the CBA permits the collection of interest on delinquent contributions, plaintiff's motion and accompanying affidavit fail to sufficiently describe the delinquent payments for the Court to accept the claim.  The request for interest will therefore be denied.

## ORDER

For the foregoing reasons, plaintiff's motion for default judgment (Docket no. 9) is, with respect to liquidated damages and attorney's fees, **ALLOWED**, but, with respect to interest, **DENIED**.  Plaintiff, Deborah Cotter, is awarded damages in the amount of $9,750.


**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge


Dated:  March 16 , 2026

7